--------------------------------------------------------------------------------

 NUMBER 13-12-00598-CV

 COURT OF APPEALS

 THIRTEENTH DISTRICT OF TEXAS

 CORPUS CHRISTI - EDINBURG
____________________________________________________________

STATE AND COUNTY MUTUAL 
FIRE INSURANCE COMPANY, Appellant,

 v.

SERGIO J. VALDEZ, GUARDIAN AD LITEM, Appellee.
____________________________________________________________

 On appeal from the 139th District Court
 of Hidalgo County, Texas
____________________________________________________________

 ORDER

 Before Justices Rodriguez, Garza, and Benavides
 Order Per Curiam

The Court abated this case and ordered mediation on October 23, 2013. See Tex. Civ. Prac. & Rem. Code Ann. §§ 154.001 - .073 (West, Westlaw through 2013 3d C.S.). Appellee Sergio J. Valdez, Guardian Ad Litem, has now filed a motion requesting that this Court compel mediation and appoint a mediator, to which appellant State and County Mutual Fire Insurance Company responded, and appellee replied. This motion is GRANTED. The Court appoints the Honorable Don Wittig as mediator in this cause. The parties should contact the Honorable Don Wittig at telephone number (956) 421-2771, to schedule mediation in this matter. 
It is further ORDERED that this case be mediated under the following terms and conditions:
1. All parties must confer with their court appointed mediator, within seven days of the appointment of the mediator, to establish a date and place for the mediation. The parties shall agree on a date for the mediation that is consistent with the mediator's schedule and is no later than forty- five days after the date of this Order. In the event the parties cannot agree on a date, the mediator shall select and set a date. The mediator shall notify the Court of the date selected for the mediation. 

2. In the discretion of the mediator, each party may be required to provide a confidential memorandum and/or information sheet setting forth the issues of the case and their positions on these issues. Additionally, upon request of the mediator, the parties shall produce all information the mediator deems necessary to understand the issues of the case. The memorandum and/or information sheet and other information produced to the mediator will not be made a part of the file in this case and will be destroyed by the mediator at the conclusion of the mediation proceeding. 

3. All parties to this matter or their authorized representatives, accompanied by their counsel, must appear and attend the mediation proceeding. The mediation shall be for a full day. 

4. Mediation is a mandatory, non-binding settlement conference conducted with the assistance of a mediator. The mediation proceeding will be confidential within the meaning of the Texas Civil Practice and Remedies Code sections 154.053 and 154.073. See TEX. CIV. PRAC. & REM. CODE ANN. §§ 154.053, 154.073 (West, Westlaw through 2013 3d C.S.). 

5. Unless otherwise agreed, the mediation proceeding will not be recorded. 

6. The mediator will negotiate a reasonable fee with the parties. The mediator's fee will be borne equally by the parties unless otherwise agreed by the parties, and will be paid directly to the mediator. If the parties do not agree upon the fee requested by the mediator, the Court will set a reasonable fee, which shall be taxed as costs. See id. § 154.054 (West, Westlaw through 2013 3d C.S.).

7. Within two days after the conclusion of the mediation, the mediator shall certify to this Court as follows: (a) whether the parties appeared as ordered, (b) whether the case settled, and (c) whether the mediation fees were paid in accordance with the Court's order or as otherwise agreed by the parties.
 
8. If mediation fully resolves the issues in this case, the parties must file a joint or agreed motion seeking dispositive relief within seven days of the conclusion of the mediation. If the parties need more time to effectuate the terms of the settlement agreement, they must, within seven days of the conclusion of mediation, file a joint or agreed motion for an extension of time to file their disposition motion. 

Our order of October 23, 2013, remains otherwise in effect. In addition, appellee's alternative motion to waive mediation is DENIED. 

PER CURIAM
Delivered and filed the
11th day of July, 2014.